## BUCKEYE COTTON OIL COMPANY *v.* HARRIS.

### Opinion delivered May 8, 1916.

EVIDENCE—INJURY TO EMPLOYEE—WAGES—CUSTOM.—Plaintiff, an employee of defendant, was injured in the course of his employment, and brought an action for his usual wages while he was injured, based upon an alleged contract to pay the same. Under a denial of the existence of such contract, it was error for the trial court to refuse to permit defendant to prove its custom of paying injured employees until they were able to return to work.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

*Cockrill & Armistead,* for appellant.

1.  The court erred in refusing to permit appellant to prove by Wilson that it was the custom to retain injured employees on the pay roll until their could return to work, etc. The court erred in its instructions.

*Frank Terry* and *Manning, Emerson & Morris,* for appellee.

1.  The contract was fully established and was reasonable and based upon a good and valuable consideration, the compromise of a good right of action. L. R. 5 Q. B. 449; 31 Ark. 631; 44 *Id.* 556; 43 *Id.* 172; 21 *Id.* 69.

2.  The contract was not within the statute of frauds. 93 Ark. 1.

3. Wilson had authority to make the contract. 49 Ark. 320.

4. There were errors in the rulings on the evidence.

KIRBY, J.    Appellee sued appellant upon an alleged contract for the payment of his usual wages, during the time he was unable to work, by reason of an injury received while in its employ in the oil mill, and its agreement to permanently thereafter employ him at the same wages.

His hip had been broken by the fall of a stack of sacks of meal upon him and his contention was that the contract was entered into in settlement of his claim for compensation for the injury received, while the appellant company denied ever having made such contract and plead a full release executed by him in bar of any right to recover.

The testimony on the part of appellee tended to show that such a contract was made by the oil mill company as alleged, and he further testified that in accordance with the terms of the contract they had paid him his usual wages for five or six months thereafter, at which time the agent of the company offered to pay him but $4.50 a week instead of the $9.00 he contended he had contracted for, and upon his declining to receive it, refused to pay anything further at all.

The appellant company admitted that the plaintiff was injured, denied having made any such contract as the one alleged, but admitted having paid the usual wages of the injured employee for several months, claiming it declined to pay any further wages because he was able to return to work and refused to do so.

Its cashier, Mr. Wilson, upon being questioned about the payment of appellee's wages after the injury and while he was not at work, was asked in explanation of such payment, if it was not the custom of the appellant to retain all injured employees on the pay roll until they could return to work, when they were given such work as they could do. This question was objected to, whereupon appellant offered to show that in all cases of injury the practice of the company was to retain the employees in cases of common laborers on the pay roll until they could

return to work, when they were given such work as they could do; that in this instance Mr. Wilson got authority to pay appellee his wages until he could return to work; that he continued to  pay the wages until after the injured employee came back and refused to sew cotton seed sacks, its counsel stating, ''I offer that in explanation of this testimony, since it was brought out that he did continue paying the injured man until October.''

The court sustained the objection and refused to allow or permit the introduction of the testimony and erred in doing so, in the opinion of a majority of this court.

The appellee and his witnesses had testified that the contract was made with him to continue the payment of his wages, so long as he was unable to work and in proof of such contract stated that the oil mill company carried it out for a certain time by the payment of the wages in accordance with the terms of the contract.

The appellant company admitted having made the payments to the injured employee of the usual wages, while he was not able to work, and had the right to explain why such payments were made and its not being permitted to do so was prejudicial to its rights, since it had admitted making the payments, which appellee insisted were made in accordance with the terms of a contract, the making and existence of which were denied by the oil mill company.

It is true the court allowed the witness, Wilson, to state that he had received authority to continue appellee on the pay roll as long as he thought it necessary to do so, but this statement could in no wise relieve against the prejudice resulting from the court's refusal to permit the witness to state the custom of the oil mill company to pay all its injured employees their regular wages until they were able to return to work, in explanation of the payments made to appellee.

For this error in the rejection of the testimony, the judgment is reversed and the cause remanded for a new trial.